FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 16 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
YNMACULADA GOMEZ,

                Petitioner,

      – against –

SUPERINTENDENT LAMANNA,

                Respondent.
------------------------------------------------------------ X

ORDER
1:18-CV-07252 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

    On August 28, 2018, the *pro se* petitioner, currently incarcerated at the Bedford Hills Correctional Facility, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) That same day, the petitioner moved to appoint *pro bono* counsel. (ECF No. 3.) For the following reasons, the petitioner's motion to appoint *pro bono* counsel is denied.

    There is no constitutional right to representation by counsel during a habeas corpus proceeding. *See Green v. Abrams*, 984 F. 2d 41, 47 (2d Cir. 1993) (citing *United States ex rel. Wissenfeld v. Wilkins*, 281 F. 2d 707, 715 (2d Cir. 1960)). Instead, courts have the discretion to appoint counsel to represent a habeas petitioner "[w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The "appointment of counsel is not warranted . . . when a petitioner's claims may fairly be heard on written submissions[.]" *Shand v. United* States, No. 14-CV-1743, 2018 WL 1598608, at *4 (E.D.N.Y. Mar. 30, 2018) (citations omitted).

    Courts considering whether to appoint counsel for a habeas corpus petitioner apply the same standard used to determine whether to appoint counsel to indignant civil litigants under 28 U.S.C. § 1915. *See Lawson v. Taylor*, No. 10-CV-0477, 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011) (citation omitted). A court first considers "whether the indigent's position seems likely

1

to be of substance." *Hodge v. Police Officers*, 802 F. 2d 58, 61 (2d Cir. 1986). If the claim meets this threshold, the court considers a number of other factors, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues," and any other criteria that would lean in favor of appointing counsel. *Id.* at 61-62.

The Court interprets the petitioner's motion "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted), because *pro se* submissions "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under that standard, the petitioner's motion does not establish the threshold requirement that her claims are likely to be of substance. Nor does the matter's complexity justify the assignment of *pro bono* counsel.

Accordingly, the petitioner's request for *pro bono* counsel is denied without prejudice. By October 16, 2019, the petitioner must inform the Court, by letter, of the status of this case which is currently pending her exhaustion of remedies in state court.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
September 16, 2019

2